AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>2001 Honda Civic with VIN 1HGEM22581L053710 | Case No.    26-6134MB<br><br>**(Filed Under Seal)** |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A-2.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B-2.**

**YOU ARE COMMANDED** to execute this warrant on or before ___May 18, 2026___ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    May 4, 2026@1:20pm                 _____
                                                                                          *Judge's signature*

City and state: <u>Phoenix, Arizona</u>              Honorable Alison S. Bachus, U.S. Magistrate Judge
                                                                         *Printed name and title*

## ATTACHMENT A-2

*Vehicle to be searched*

The vehicle to be searched is a 2001 Honda Civic with VIN 1HGEM22581L053710. The vehicle is further described as a green 2-door coupe with a spoiler and Arizona license plate RPA734.  Per Arizona Department of Transportation records, the registered owner of the vehicle is Gabriel Mendoza Acoltzi at 12175 W McDowell Rd, Apartment 4219, Avondale, Arizona, 85392-5315.

 



## ATTACHMENT B-2

*Property to be seized*

1.      Any clothing that potentially matches that worn by the individual in the surveillance video setting the fire to include, a black hooded jacket or sweater, a hat with ear flaps and/or tie strings, light-colored pants, light-colored shoes or material found with or suspected to be found with ignitable liquid residue;

2.      Books, records, receipts, notes, invoices, and any other documentation related to the manufacture, importation, transportation, ordering, purchase, sale, or distribution of items capable of constructing an incendiary device and/or the purchase of items collected as evidence at the scene to include, propane, propane tanks, charcoal, lighter fluid, fire starter or torch-like device, and a hammer;

3.      Records, documents, programs, applications, or materials showing knowledge and/or familiarity with the creation, manufacturing, and transportation of destructive devices and explosive materials, including training, instructional, and reference materials or other information, whether printed or in digital format, relating to explosives, initiation systems, improvised explosive devices, chemistry, or testing or experimentation relating to such topics, including literature published by terrorist organizations such as Inspire Magazine, "underground" publications such as the "Poor Man's James Bond" and "Anarchist Cookbook," military manuals and literature, personal notebooks, journals, and related documents and files;

4.      Ignition Sources: These sources include any matches, lighters, chemicals, road flares, ignition caps for flares, torch-like devices, and electrical devices. This also includes any solids, liquids or gases, or any combination which would produce an ignition;

5.      Ignitable liquids and/or containers to include any gasoline containers, containers marked as containing ignitable liquids and any other container suspected to have

had ignitable liquids contained within. This also includes any solids, liquids or gases, or any combination that would produce an ignition;

6. Samples that are suspected to contain trace amounts of any ignitable liquids to be submitted to the lab for analysis;

7. Safe deposit box keys, storage locker keys, safes, and related secure storage devices, and documents relating to the rental or ownership of such units;

8. Indicia of occupancy, residency, rental, ownership, or use of the Subject Premises and any vehicles found thereon during the execution of the warrant, including, utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, identification documents, keys, records of real estate transactions, vehicle titles and registration, and vehicle maintenance records;

9. Records, documents, applications, videos, photographs, or other mediums regarding ideology supporting a motive, including but not limited to the defamation of federal law enforcement, specifically the Immigrations and Customs Enforcement Agency (ICE), Department of Homeland Security (DHS), and the Enforcement and Removal Operations (ERO);

10. Records, documents, programs, applications, or materials showing communications that discuss the plotting, targeting or intent to create, transport, or ignite an incendiary device;

11. Computers, cellular telephones, tablets, and other media storage devices, such as thumb drives, memory cards, and SIM cards belonging to ACOLTZI (hereafter referred to collectively as "electronic storage media");

12. Records evidencing ownership or use of electronic storage media, including sales receipts, registration records, and records of payment;

13. Any records and information found within the digital contents of any

2

electronic storage media seized from the Subject Premises and Subject Vehicle from November 20, 2025 to the present that are related to the offense described in this warrant including the accused motive and state of mind, and any records or information related to planning and execution of the offense, including:

a. all bank records, checks, credit card bills, account information, or other financial records;

b. any information recording schedule or travel;

c. evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

d. evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to crime under investigation and to the electronic storage media user;

e. evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

h. evidence of the times the electronic storage media were used;

3

i.  passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

j.  documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

k.  records of or information about Internet Protocol addresses used by the electronic storage media;

l.  records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

m.  contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies).  This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

4

This warrant authorizes a review of records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

During the execution of the search of the Subject Premises and Subject Vehicle described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual, who is found at the subject premises and reasonably believed by law enforcement to be a user of a device found at the premises, to the fingerprint scanner of the device; (2) hold a device found at the premises in front of the face those same individuals and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.